Dr. Mr. Coreil:
This office is in receipt of your opinion request wherein you asked: do the provisions of La R.S. 15:571.11 A(1)(b), referencing the disposition of fines and forfeitures, apply to La R.S. 56:118?
La R.S. 15:571.11A (1)(a) provides in pertinent part:
 All fines and forfeitures imposed by district courts and district attorneys, conviction fees in criminal cases, and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special `Criminal Court Fund' account . . .
Subsection (b) of this same provision states:
 [t]he sheriffs throughout the state shall retain twelve percent of the amount of fines collected to go into the sheriff's general fund in each parish and an additional twelve percent of the amount of fines collected shall be transmitted to the district attorney of the judicial district or be used by the district attorney as in his discretion may be necessary in defraying such expense of his office (emphasis added).
La R.S. 56:118 D specifically states:
 Of the revenues received through the collection of fines imposed for violations of this Section, after deposit in the Bond Security and Redemption Fund, an amount equal to fifty percent shall be credited to the conservation fund to be used solely for costs associated with the salaries and related benefits of the Department of Wildlife and Fisheries enforcement agents The remaining fifty percent to the revenues received through the collection of fines imposed for violations of this section shall be deposited in the criminal court fund of the parish in which the violation occurred (emphasis added).
When the legislature enacted La R.S. 56:118 D it specifically provided that fines from criminal violations would be deposited in the criminal court fund for the parish where the violations occurred. However, the statute does not specifically address the disbursement of fines and forfeitures from the criminal court fund.
The fact that the legislature did not expressly address the disbursement of funds from the criminal court fund in the statutory construction implies that their intent was to have the funds disbursed according to the provisions of La R.S. 15:571.11, because this statute specifically addresses the disbursement of the criminal court fund. Therefore, it is the opinion of this office that the sheriff and the district attorney may each retain twelve (12) percent of the money collected under La R.S. 56:118 D.
I hope that this letter has fully answered any questions you may have had regarding this issue. If I can ever be of any further assistance, please do not hesitate to call upon me at your convenience. Until then, I am
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ JAMES PIKER ASSISTANT ATTORNEY GENERAL